# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE HUBBARD, | ) | CASE NO. 1:06 CV 596 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| vs. | ) | |
| | ) | |
| PATRICIA ANDREWS, Warden, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge James S. Gallas ("R & R") (**ECF No. 11**). Pending is the habeas corpus petition filed, under 28 U.S.C. § 2254, by Petitioner Nicole Hubbard ("Hubbard") (**ECF No. 1**).

In his thorough and well-written 24-page Report and Recommendation, Magistrate Judge Gallas recommended the petition be dismissed.

Petitioner filed a 3-page objection to the Magistrate Judge's Report and Recommendation(**ECF No. 12**), which does little more than recite disagreement with the Magistrate Judge's conclusions.

The Court has carefully reviewed Petitioner's objections, and overrules them for the following reasons:

**Ground 1**: The evidence provided by a witness who lacks first-hand knowledge as to events he described should be excluded on defendant's motion.

Magistrate Judge Gallas correctly found that a claim based solely on an error of state law is not cognizable in a federal habeas action. While Petitioner asserts in her objection that this ground raises a 14th Amendment due process claim, she does not challenge the Magistrate Judge's ruling that this argument was procedurally defaulted. Petitioner did not raise this argument before the state courts, and she has not argued cause or prejudice.

**Ground 2**: Petitioner was denied due process when the trial court reserved a ruling on the Rule 29(A) motion for judgment of acquittal.

The Magistrate Judge correctly found that the trial judge erred in applying Ohio Crim.R.19(A), which prohibits the judge from reserving ruling on a motion for judgment of acquittal. Again, a claim based solely on an error of state law is not cognizable in a federal habeas claim. In her objection, Petitioner asserts that this error violated Petitioner's due process rights. Petitioner does not respond, however, to the Magistrate Judge's determination that harmless error analysis applies to a claim of this nature, when there was sufficient evidence to permit submission of the matter to the jury. Accordingly, even if this ground is cognizable on habeas, Petitioner has not shown any prejudice.

**Ground 3**: Petitioner was entitled to an instruction that specifically required the jury to examine the testimony of drug addicts with greater scrutiny than the testimony of other witnesses.

While Petitioner objects to the Magistrate Judge's finding that this is not a constitutional

claim cognizable on habeas, she has not responded to the Magistrate Judge's determination that this claim is procedurally defaulted, as Petitioner never presented this ground to the state courts as a federal constitutional claim.

**Ground 4, 5 and 6**: Sufficiency of the evidence.

The Magistrate Judge carefully analyzed the evidence against Petitioner, and concluded that it was sufficient to support the counts of conviction. In her objections, Petitioner asserts that the Magistrate Judge's conclusion was not correct, but she does not identify a single instance where this is so.

The Court has thoroughly reviewed the Magistrate Judge's Report and Recommendation and the Petitioner's Objections thereto, and agrees with the Magistrate Judge's conclusions. Accordingly, the Court hereby **OVERRULES Petitioner's Objections and ADOPTS the Magistrate Judge's Report and Recommendation Decision in full.**

The §2254 habeas corpus petition is **DENIED**. The above-captioned case is hereby ordered dismissed as final.

**IT IS SO ORDERED.**

/s/ Dan Aaron Polster
Dan Aaron Polster
United States District Judge